**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000438
04-JUN-2026
08:04 AM
Dkt. 65 SO**

NO. CAAP-24-0000438

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
CHAY SABELLONA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAIʻANAE DIVISION
(CASE NO. 1DTC-24-012768)


## SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

After a bench trial, Chay **Sabellona** was convicted of
Excessive Speeding in violation of Hawaii Revised Statutes (**HRS**)
§ 291C-105(a).  He appeals from the April 25, 2024 *Judgment*
entered by the District Court of the First Circuit, Waiʻanae
Division.[1]  He contends (1) the district court erred by admitting
Honolulu Police Department officer Janghoon **Cho**'s testimony about
his speed because the State failed to lay adequate foundation;
and (2) without evidence of his speed, there was insufficient
evidence to support his conviction.  We conclude the district
court erred by overruling Sabellona's objection to Officer Cho's
testimony and, without that evidence, the State failed to prove
all elements of Excessive Speeding.  We reverse the Judgment.

**(1)**  We review a trial court's determination whether
proper evidentiary foundation has been established for abuse of

---

[1]     The Honorable Bryant Zane presided.

discretion.  State v. Assaye, 121 Hawaiʻi 204, 210, 216 P.3d 1227, 1233 (2009).

Officer Cho used a Stalker **LIDAR** RLR laser to measure Sabellona's speed.  To establish foundation for admission of a laser speed reading, the State must prove that the "nature and extent of an officer's training in the operation of the laser gun meets the requirements indicated by the manufacturer."  State v. Amiral, 132 Hawaiʻi 170, 178, 319 P.3d 1178, 1186 (2014) (quoting Assaye, 121 Hawaiʻi at 215, 216 P.3d at 1238).  The State must prove "(1) the requirements indicated by the manufacturer, and (2) the training actually received by the operator of the laser gun."  Id.

Officer Cho identified Applied Concepts as the manufacturer of his LIDAR.  He was trained to use the LIDAR by Sergeant Jeremy **Franks**, who was certified by Applied Concepts. He was given the LIDAR manual.  He completed the classroom, practice, and exam portions of the training.  He passed the test. He testified about the four steps he used to test the LIDAR.

But here, as in Amiral, the State did not establish what Applied Concepts' training requirements were; what the manual's contents were; whether the manual contained Applied Concepts' training requirements; or what training (other than how to test the LIDAR) Officer Cho actually received.  "Accordingly, the State failed to lay an adequate foundation for the introduction of the laser gun reading, and thus the trial court erred in admitting the speed reading into evidence."  132 Hawaiʻi at 178–79, 319 P.3d at 1186–87.

**(2)**  HRS § 701-114(1)(a) (2014) requires that each element of an offense be proven beyond a reasonable doubt.  In a prosecution for Excessive Speeding the State must prove that the defendant drove a motor vehicle "at a speed exceeding: (1) The applicable state or county speed limit by thirty miles per hour or more; or (2) Eighty miles per hour or more irrespective of the applicable state or county speed limit."  HRS § 291C-105(a) (2020).  The only evidence of Sabellona's speed was Officer Cho's

testimony about the LIDAR reading, which should have been excluded.  The evidence was insufficient to convict Sabellona of Excessive Speeding.

The district court's April 25, 2024 *Judgment* is reversed.

DATED: Honolulu, Hawaiʻi, June 4, 2026.

On the briefs:

Jon N. Ikenaga,
Public Defender,
Seth Patek, Deputy
Public Defender,
for Defendant-Appellant.

Steven S. Alm,
Prosecuting Attorney,
Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee
State of Hawaiʻi.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge